Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 820
San Francisco, California 94104
(415) 732-0282

Attorney for Plaintiff Dan Kromat

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dan Kromat, | ACTION NO.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Metropolitan Life Insurance Company as Administrator and Fiduciary of the Group Benefits Plan of Varian Medical Systems, Inc., and The Group Benefits Plan of Varian Medical Systems, Inc., | |
| Defendants. | |

<u>JURISDICTION</u>

1.      This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

//

Complaint                                          1

## VENUE

2.     Venue lies in the Northern District of California because, pursuant to ERISA § 502 (e) (2) (29 U.S.C. § 1132 (e) (2)), the GROUP BENEFITS PLAN OF VARIAN MEDICAL SYSTEMS, INC., (hereinafter the "PLAN"), is administered in this District and the wrongful conduct alleged herein took place in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3.     This action should be assigned to the division in San Francisco pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of San Francisco, the location where a substantial portion of the long term disability claim which is the subject of this lawsuit was administered.

## PARTIES

4.     At all relevant times, plaintiff DAN KROMAT was, and is, a PARTICIPANT, as defined in ERISA § 3 (7) (29 U.S.C. § 1002 (7)), in the PLAN.

5.     At all relevant times, defendant THE GROUP BENEFITS PLAN OF VARIAN MEDICAL SYSTEMS, INC., was an employee welfare benefit plan within the meaning of ERISA § 3 (1) (29 U.S.C. § 1002 (1)), sponsored by Varian Medical Systems, Inc., and/or its successor(s) in interest, and administered, at least in part, in San Francisco, California.  At all relevant times, the PLAN offered long term disability benefits to the employees of Varian Medical Systems, Inc., including plaintiff, through *inter alia*, an insurance policy issued by defendant METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "MetLife").

6.     At all relevant times, defendant MetLife was a claim administrator and fiduciary of the PLAN within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002 (21).

Complaint                                        2

## FACTS COMMON TO ALL CLAIMS

7.    Prior to his disability, plaintiff worked full-time a Senior Customer Compliance Analyst for Varian Medical Systems, Inc.

8.    On or about April 20, 2010, plaintiff filed a claim for disability benefits with defendant MetLife and the PLAN.  Plaintiff had been suffering from prolonged sickness as a result of his total disability.  As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by his treating physician.  Defendant MetLife subsequently approved plaintiff's claim for long term disability benefits.

9.    Between January 19, 2007, and the present, and at all other relevant times, plaintiff complied with all terms and conditions of the PLAN and remained, and continues to remain, totally disabled under the terms of the PLAN.

10.    On or about May 10, 2012, defendant MetLife terminated plaintiff's claim for continued long term disability benefits under the PLAN, alleging that certain information in its possession indicated that plaintiff no longer met the definition of Total Disability under the terms of the PLAN.

11.    On or about January 18, 2013, plaintiff appealed MetLife's termination of his benefits.  Among other things, plaintiff sent MetLife additional documentation of his disability and asked that it pay his benefits.

12.    On or about September 28, 2012, and at other times, plaintiff requested that MetLife and the Plan produce certain documents to which he was entitled pursuant to ERISA and the applicable Department of Labor Regulations.

13.    On or about August 22, 2013, MetLife denied plaintiff's appeal.

14.    On or about September 7, 2011, plaintiff was awarded social security disability benefits retroactive to April 20, 2011, and subsequently informed MetLife of the same.

15.    Plaintiff has exhausted his administrative remedies.

16.    At all relevant times herein, plaintiff has been, and remains, totally disabled and

Complaint                                              3

1  entitled to benefits under the terms of the PLAN.

2

3                          **FIRST CLAIM FOR RELIEF**
4      (Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B); [29 U.S.C. § 1132(a)(1)(B)])

5          17.    Plaintiff realleges and incorporates as though set forth in full the allegations

6  contained in paragraphs 1 through 16 of this complaint.

7          18.    ERISA § 502(a) (1) (B) (29 U.S.C. § 1132 (a) (1) (B)), permits a participant in a

8  plan to bring a civil action to recover benefits due to him under the terms of a plan, to enforce

9  his rights under the terms of a plan, and/or clarify his rights to future benefits under the terms

10  of a plan.

11         19.    By, *inter alia*, failing to pay plaintiff long-term disability benefits despite his

12  complying with the PLAN's requirement of submitting proof of his total disability; relying on a

13  standard of proof not articulated in the PLAN's provisions; refusing to provide plaintiff with

14  medical or other documentation which substantiated its decision to terminate benefits; and

15  failing to produce documents to which plaintiff was entitled pursuant to ERISA and the

16  applicable Department of Labor Regulations, defendants have violated, and continue to

17  violate, the terms of the PLAN and plaintiff's rights thereunder.

18         **WHEREFORE,** plaintiff prays that the Court enter judgment against the

19  defendants, and each of them, as is hereinafter set forth.

20                         **SECOND CLAIM FOR RELIEF**
21        (For Equitable Relief Under ERISA §502(a) (3) [29 U.S.C. § 1132(a)(3)])

22         20.    Plaintiff incorporates as though set forth in full the allegations contained in

23  paragraphs 1 through 19 of this complaint.

24         21.    ERISA § 502(a) (3) (29 U.S.C. § 1132 (a) (3)), permits a participant in a plan to

25  bring a civil action to obtain equitable relief to redress any act or practice which violates the

26  terms of a plan or ERISA, or to enforce any term(s) of the plan or of ERISA.

27  _____

28  Complaint                                    4

22.     In refusing to pay the benefits at issue herein, defendants have violated the terms of the PLAN and ERISA by its acts, including, but not limited to: breaching its fiduciary duties under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the PLAN; failing to furnish plaintiff with documents relating to his claim for benefits within the specified time period; acting in bad faith by terminating his claim in reliance upon a standard not set forth in the PLAN; failing to provide specific reference to pertinent PLAN provisions on which the termination was based; failing to provide plaintiff with a description of what was needed to perfect his claim; and ignoring medical records and physicians' opinions which support plaintiff's claim.

WHEREFORE, plaintiff prays that the Court enter judgment against the defendants, and each of them, as follows:

## PRAYER FOR RELIEF

A.     Declare that defendants, and each of them, violated the terms of the PLAN and plaintiff's rights thereunder by failing to pay plaintiff his long-term disability benefits;

B.     Order defendants to pay plaintiff all long-term disability benefits due him pursuant to the terms of the PLAN, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C.     Declare plaintiff's right to receive future long term disability benefit payments under the terms of the PLAN;

D.     Declare that MetLife has breached its fiduciary duty to plaintiff and the PLAN and enjoin MetLife from further breaches of its fiduciary duty;

E.     Remove MetLife as a fiduciary of the PLAN and replace MetLife with an independent fiduciary;

F.     Award plaintiff pre-judgment interest on all monies requested herein;

G.     Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) (29 U.S.C. § 1132 (g));

Complaint                                               5

1    H.    Assess penalties against defendant plan administrator pursuant to 29 U.S.C. §

2  1132(c) and the applicable Department of Labor Regulations for each failure to timely produce

3  documents and information; and

4    I.    Provide such other relief as the Court deems equitable and just.

5

6                                             **ROBOOSTOFF & KALKIN**

7

8

9  Dated: October 8, 2013                    By: _____

10                                                Scott Kalkin
                                                Attorneys for plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28
   Complaint                                    6